UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NITA LADELL BALDWIN,**

          Petitioner,         Case Number: 05-CV-71277

v.                                    HONORABLE DENISE PAGE HOOD

**CLARICE STOVALL,**

          Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Nita Ladell Baldwin has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Huron Valley Complex in Ypsilanti, Michigan, challenges her conviction for operating a motor vehicle while under the influence causing death. Respondent has filed a Motion to Dismiss on the ground that Petitioner failed to exhaust her state court remedies. The Court finds that Petitioner has failed to exhaust her state court remedies, but, that no such remedies remain available to Petitioner. The Court further finds that Petitioner's habeas claims are procedurally defaulted because they are unexhausted and she has failed to show cause and prejudice to excuse the default. Therefore, the Court shall deny Respondent's Motion to Dismiss and deny the petition for a writ of habeas corpus.

**I.**

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of operating a motor vehicle while under the influence causing death. On December 11, 2002, she was sentenced as a habitual offender to seven to twenty-five years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. Defendant was deprived her right to a fair trial and impartial jury, where the trial court excused a juror without the required showing of bias or prejudice.
>
> II. Defendant was denied her due process right to a fair trial by the admission of hearsay statements of the deceased.
>
> III. The trial court erred by submitting the result of blood and urine testing without proper foundation, where there was a substantial possibility that the results were not those of defendant, denying defendant due process.

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Baldwin, No. 245795 (Mich. Ct. App. March 18, 2004).

Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. See Affidavit of Corbin R. Davis, August 30, 2005. Petitioner states that she attempted to file an application for leave to appeal, but that it was rejected for filing because it was untimely.

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented to the Michigan Court of Appeals. Respondent has filed a motion to dismiss on the ground that Petitioner's claims are unexhausted.

## II.

Respondent argues that all of Petitioner's claims are unexhausted because she failed to fairly present them to the Michigan Supreme Court and that the petition, therefore, should be dismissed so that Petitioner may return to state court to exhaust her claims.

A prisoner challenging her confinement by way of a habeas corpus petition must exhaust her state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' her claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals *and* in the Michigan Supreme Court before seeking federal habeas corpus relief. *See* Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Prather, 822 F.2d at 1420, n.3.

Petitioner failed to fairly present her claims to the Michigan Supreme Court because she did not timely file an application for leave to appeal in that court. Therefore,

3

her claims are unexhausted. Petitioner argues that no state court remedies remain available for her to exhaust.

Michigan Court Rule 6.508(D)(2) provides that a motion for relief from judgment may not be filed in state court if it "alleges grounds for relief which were decided against the defendant in a prior appeal, . . . unless the defendant establishes that a retroactive change in the law has undermined the prior decision." M.C.R. 6.508(D)(2). The claims presented in Petitioner's habeas petition were decided against her by the Michigan Court of Appeals in her appeal of right. Petitioner does not allege that a retroactive change in the law has undermined the Michigan Court of Appeals' decision. Therefore, she may not file a motion for relief from judgment in state court presenting these claims. Accordingly, Petitioner has failed to exhaust her state court remedies, but no avenue for exhausting her claims is available to her in state court. Where a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). Therefore, the Court shall deny Respondent's motion to dismiss. However, a petitioner will not be allowed to present unexhausted claims unless she can show cause to excuse her failure to present the claims in the state courts and actual prejudice to her defense at trial or on appeal. Id.

Petitioner fails to allege any cause to excuse the procedural default of her claims. Thus, these claims are procedurally defaulted unless Petitioner can establish that a constitutional error

resulted in a fundamental miscarriage of justice.  Schlup v. Delo, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence.  Schlup, 513 U.S. at 321.  Thus, Petitioner must assert a constitutional error along with a claim of innocence.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  Id.

Petitioner has not supported her allegation of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court.  Accordingly, Petitioner's claims are procedurally barred.

### III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                s/ DENISE PAGE HOOD
                DENISE PAGE HOOD
                UNITED STATES DISTRICT COURT

Date: January 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

                s/William F. Lewis
                Case Manager